UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-00039-D

| | |
|---|---|
| **Robert Howard**, <br><br> Plaintiff, <br><br> v. <br><br> **College of the Albemarle & Kandi Deitemeyer**, <br><br> Defendants. | **Qualified Protective Order Governing Plaintiff's Medical Records** |

The Parties expect to produce, either during discovery or through agreement, certain documents or information considered to be protected health information. Defendants desire to protect the confidential nature of these documents or information through a qualified protective order governing Plaintiff's medical records. Entering this Order will facilitate and expedite the discovery process (to include information discovery and production of documents by agreement) and to prevent the Court from having to conduct hearings on each document or category of documents sought to be protected.

The Court finds good cause for a qualified protective order to protect protected health information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. THEREFORE, IT IS ORDERED that the Parties and any other third-parties involved in discovery in this matter abide by the following terms in handling the production and disclosure of confidential information:

1. **Disclosure of Protected Health Information.**

    a. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and

transmit "protected health information" ("PHI") to the extent and subject to the conditions outlined herein.

b.  For the purposes of this Protective Order Governing Plaintiff's Medical Records, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

c.  All "covered entities" (as defined by 45 C.F.R. 160.103) are hereby authorized to disclose PHI pertaining to Plaintiff to all attorneys now of record in this matter or who may become of record in the future of this litigation.

d.  To the extent that any of Plaintiff's protected health information in the possession of a covered entity concern or deal with treatment rendered to Plaintiff for alcohol abuse (42 C.F.R. § 2.2) or drug abuse (42 C.F.R. § 2.1), then pursuant to 42 C.F.R. § 2.61, those covered entities are required to produce any such record only upon the proper service of a valid subpoena on them compelling production of such records, consistent with the terms of this Order in addition to the service of this Order. If such records exist, the covered entities must inform Defendants' counsel of such within 5 days of the covered entity's actual receipt of a copy of this Order.

e. The information revealed pursuant to this Order shall be used by the parties solely to prepare their prosecution or defense of this case and for no other purpose.

f. This Order shall apply to all of Plaintiff's protected health information produced in this case and the provisions regarding the disclosure or use of Plaintiff's protected health information shall remain in effect after this action has been concluded.

g. The parties and their attorneys shall be permitted to use or disclose the PHI of Plaintiff to the parties; their attorneys of record; the attorneys' employees or agents (i.e., attorneys, support staff, agents, and consultants) specifically assigned to assist the attorneys in this case; the parties' insurers, experts and consultants; Plaintiff's treating healthcare providers; court personnel; court reporters; copy services; trial consultants; jurors; venire members; and other entities involved in the litigation process. However, the parties are <u>not</u> permitted to disclose the PHI of Plaintiff to lay witnesses.

h. Prior to disclosing Plaintiff's protected health information to a person involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purposes other than this litigation. Counsel shall obtain the express agreement of each such person to abide by the terms of this Order and shall, if requested by Plaintiff, provide proof of such agreement using Exhibit A, attached hereto. Counsel shall also take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

i. The admissibility of Plaintiff's protected health information at trial shall be determined by the Court.

j. At the conclusion of this action as to any Defendants (which shall be defined as the point at which final orders disposing of the entire case as to any Defendants have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendants), that Defendant and any person or entity in possession of PHI received from that Defendant pursuant to paragraph 1.e of this Order shall either return to the covered entity any and all copies of PHI pertaining to Plaintiff's medical records <u>or</u> destroy any and all copies of PHI pertaining to Plaintiff's medical records <u>except</u> that counsel are not required to secure the return or destruction of protected health information submitted to the court.

h. Nothing in this Order authorizes Plaintiff's or Defendants' counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, and depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of the North Carolina General Statutes governing the release of privileged patient medical information, including N.C. Gen. Stat. § 130A, *et seq.* and N.C. Gen. Stat. § 8-53 or state and federal law that protects certain drug and alcohol or AIDS treatment records.

2. **Designation of Protected Health Information.**

   a. If Plaintiff's protected health information is in deposition, hearing, or trial, such exhibits shall be marked as "CONFIDENTIAL – Protective Order, 2:15-CVB-00039-D.

   b. Before filing any information that has been designated as Confidential Information with the Court, or any pleadings, motions, or other papers that disclose any such information, the parties shall confer with the other, through counsel, if applicable, for the party that produced the information designated "CONFIDENTIAL" about how it should be filed. If the party that produced the information designated as Confidential Information desires that the materials be filed under seal, then the filing party, whether pro se or represented, shall file the materials in accordance with Local Civil Rule 79.2, E.D.N.C. A copy of the Local Civil Rules may be found at http://www.nced.uscourts.gov/rules/Default.aspx.

   c. If a party to this Order who is to be a recipient of any information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the designating party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this Order. If prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Order, but nonetheless submits such information for purposes of this litigation, such party shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Court. If the recipient and designator are unable to concur upon the status of the subject information submitted as confidential personnel information with

ten days from the date of notification of such disagreement, any party to this Order may raise the issue of the designation of such status to the Court, which shall consider the issue.

3. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. If parties agree to a modification, they must file a joint motion to modify within five days of the agreement. Any motion for modification will be deemed immediately pending.

Dated: August 16, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-00039-D

| | |
|---|---|
| **Robert Howard**, <br><br> Plaintiff, <br><br> v. <br><br> **College of the Albemarle & Kandi Deitemeyer**, <br><br> Defendants. | **Qualified Protective Order Governing Plaintiff's Medical Records** |

The undersigned hereby acknowledges that he/she has read the Qualified Protective Order Governing Plaintiff's Medical Records entered in this action (a copy of which is attached hereto) and that he/she agrees to be bound by the terms of the Qualified Protective Order Governing Plaintiff's Medical Records and submits to the jurisdiction of the United States District Court for the Eastern District of North Carolina for all matters related to the interpretation and enforcement of the terms of this agreement.

The undersigned understands the Order obligates him/her to use documents designated Confidential Information solely for purposes related to the above-captioned action and not to disclose any such Confidential Information to any other person, firm or concern.

_____
Signature

_____
Date

_____
_____
_____
Printed Name, Job Title and Address