UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-00039-D

**Robert Howard**,

     Plaintiff,

v.

**Order**

**College of Albemarle & Kandi Deitemeyer**,

     Defendants.

  Currently pending before the court are three motions to seal various documents in this case. The first motion, filed by Defendants College of Albemarle and Kandi Deitemeyer, requests that the court seal an exhibit to Defendants' Motion for Summary Judgment that contains Plaintiff Robert Howard's medical records. D.E. 40. The second motion, filed by Howard, requests that the court seal various deposition transcripts, affidavits, and other documents. D.E. 64. The third motion, also filed by Howard, requests that the court seal various documents related to his response to Defendants' Motion for Summary Judgment. D.E. 66. The motions to seal are all either unopposed (D.E. 40, 64) or the non-moving party consents to the relief sought (D.E. 65, 66). Defendants also request that the court strike Howard's responses to their Motion for Summary Judgment and require him to re-file the document after redacting confidential personnel information related to Deitemeyer. D.E. 66.

  The court has reviewed the motions to seal under the governing standard. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246 272–73 (4th Cir. 2014). The public has had notice of the sealing request and a reasonable opportunity to respond. *See id.* at 272. No member of the public has responded.

  With respect to the first and third motions, the court has considered less drastic alternatives to sealing, but does not find that any less drastic alternative exists. *Id.* Moreover, the court finds that the parties have demonstrated that the materials at issue include protected health information and information that is confidential under North Carolina law, *see* N.C. Gen. Stat. § 115D-29. Therefore, it is appropriate to grant the first and third motions to seal.

  With respect to the second motion, Howard has failed to demonstrate that there is a need to seal the documents in question. His motion simply lists documents that he would like to have sealed and asserts that sealing is necessary "in order to protect the confidentiality and privacy of the persons named in them." D.E. 65 at 1. This blanket assertion is insufficient to justify restricting the public's access to these documents. Therefore, the second motion to seal is denied.

Accordingly, the court orders as follows:

1. Defendants' Motion to Seal (D.E. 40) is granted. Exhibit 53 to Defendants' Motion for Summary Judgment (D.E. 39) shall be placed under seal.

2. Howard's First Motion to Seal (D.E. 64) is denied without prejudice.

3. Howard's Second Motion to Seal (D.E. 65) is granted. Howard's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (D.E. 58) and his Opposing Statement of Facts (D.E. 59) shall be placed under seal.

4. Howard shall file a redacted copy of his Response Memorandum and Opposing Statement within seven days from the date of this order. Specifically, he shall redact all references to information from Deitemeyer's evaluations contained at pages 9–11 of the Response Memorandum and pages 7–9 of the Opposing Statement.

5. In light of the foregoing, Defendants' Motion to Strike (D.E. 66) is denied as moot.

Dated: November 29, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge