IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CV-39-D

| | |
|---|---|
| ROBERT HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COLLEGE OF THE ALBEMARLE and<br>KANDI DEITEMEYER,<br><br>    Defendants. | **ORDER ON BILL OF COSTS** |

This matter is before the clerk on the applications for costs [DE-103; DE-104] filed by defendants College of the Albemarle and Kandi Deitemeyer. Plaintiff has not filed a motion to disallow the costs and the time to do so has passed. For the reasons set forth below, the applications for costs [DE-103; DE-104] are granted.

## BACKGROUND

In an order filed March 27, 2017 [DE-101], the court, *inter alia*, granted defendants' motion for summary judgment. Judgment was entered in favor of defendants that same day [DE-102]. Defendants timely filed their applications for costs [DE-103; DE-104].

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $5,741.35 in costs from plaintiff.

First, defendants seek reimbursement in the amount of $400.00 for the filing fee and administrative fee they paid when removing the action to this court from state court. Title 28, United States Code Section 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

Second, defendants request costs associated with deposition transcripts. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). Defendants submit court reporter invoices for the transcript of the deposition of plaintiff, and the deposition transcripts of six witnesses deposed by plaintiff. Defendants observe that Local Civil Rule 54.1(c)(1)(a) specifies that "taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition." Defendants note that the deposition transcripts of the witnesses deposed by plaintiff are technically not "original" transcripts—those would have been provided to plaintiff— but that this court has previously construed Local Civil Rule 54.1(c)(1)(a) as allowing an award of costs for "duplicate originals." See House v. Fed. Home Loan Mortg. Corp., No. 4:14-CV-129-D, 2015 U.S. Dist. LEXIS 17707, (E.D.N.C. Dec. 22, 2016); Perry v. Pamlico Cnty., No. 4:13-CV-107-D, 2015 WL 6393252, at *1 (E.D.N.C. Oct. 19, 2015). See also Rowley v. City of North Myrtle Beach, Civil Action Nos. 4:07-1636-TLW-TER; 4:06-1873-TLW-TER, 2010 WL 3783453, at *1 (D.S.C. Sept. 21, 2010) (construing an identical local rule to allow the award of costs for a duplicate transcript of a deposition taken by the non-prevailing party). In light of this case law, and because all of the transcripts were cited by defendants in either the briefing on the

defendant's motion for summary judgment or the briefing on plaintiff's motion to depose witnesses, the undersigned finds that the transcripts were necessarily obtained for use in the case. Defendants are awarded $5,341.35 in costs associated with deposition transcripts.

## CONCLUSION

In summary, as the prevailing parties, defendants are awarded $400 in fees of the clerk pursuant to 28 U.S.C. § 1920(1) and $5,341.35 in transcript costs pursuant to 28 U.S.C. § 1920(2). Total costs in the amount of $5,741.35 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 29 day of August, 2017.

Peter A. Moore, Jr.
Clerk of Court